IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LILLIE M. MIDDLEBROOKS**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 04-2792** |
| | * | |
| **KATHLEEN SEBELIUS**[1], *Secretary,* | * | |
| *Department of Health and Human Services* | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Lillie M. Middlebrooks (Middlebrooks) has brought Title VII and §1981 claims against the Secretary of Health and Human Services (HHS). She alleges racial discrimination and retaliation based on the decision of the National Institute of Health (NIH), a division of HHS, to reject her employment application for the position of commissioned officer of the United States Public Health Service Commissioned Corps (PHSCC). The Court originally granted the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction, but Middlebrooks appealed to the Fourth Circuit, which affirmed the decision in part and remanded it in part. The remand was as to the Title VII claim, and directed this Court to determine how best to characterize Middlebrooks' application, i.e. was her application technically to the PHSSC, in which case she cannot pursue her Title VII claim, or was it to the NIH, in which case she would be permitted to pursue her claim?

---

[1] Although the complaint originally named Tommy G. Thompson as the defendant in this action, Michael O. Leavitt, as his successor, was substituted as the proper defendant in 2005 and Kathleen Sebelius was substituted as Levitt's successor in 2009. *See* Fed. R. Civ. P. 25(d)(1).

1

Since June 30, 2008, when the case returned to this Court and the proceedings re-commenced, Middlebrooks has failed to appear for properly noticed depositions, failed to supplement discovery regarding interrogatories, and failed to file a status report, despite the Court's directives that she do so.  By order dated April 10, 2009, Middlebrooks was directed to respond to the discovery process and specifically warned that her failure to do so, including failure to appear for deposition, could result in dismissal of her case. Following her second failure to appear or explain her non-attendance for a properly noticed deposition, the Government filed the Motion to Dismiss for Prejudice with Sanctions presently before the Court. Middlebrooks has also ignored the June 8, 2009 deadline set by the Court to respond to the Motion to Dismiss and has yet to file any opposition.

In addition to the dismissal of the suit, the Government requests that Middlebrooks be assessed $224.50 for the court reporter's services on the day of Middlebrooks' scheduled deposition, at which she failed to appear.  Having considered the Government's arguments, the Court **GRANTS** its Motion to Dismiss, with costs.

## I.

On February 10, 2003, Middlebrooks, a registered nurse, applied for two separate clinical-research nursing positions, as a commissioned officer of the PHSCC.[2]  The applications were delivered to the nurse recruiter responsible for processing applications for the PHSCC.  On March 7, 2003, Middlebrooks discussed her application with Rosie Smith who told her that the PHSCC was looking for more inexperienced nurses to fill the positions, but that Smith would convey Middlebrooks' applications and hold her resume on file for six months.  On March 26, 2003, Dr. Clare Hastings, Chief of Nursing and Patient Care Services at NIH, informed

---

[2] The two nursing positions advertised by the Clinical Center were: a Medical Surgical Nurse Internship and a Pediatric Nurse Position.

2

Middlebrooks that she would not be selected to be a Medical Surgical Nurse Intern, because former interns would be retained. Nevertheless, the position continued to be advertised on NIH's website.

On May 2, 2003, Middlebrooks contacted an Equal Employment Opportunity (EEO) Counselor to discuss her non-selection as a Medical Surgical Nurse Intern. The EEO counselor informed her that in fact there was a hiring freeze, but that that should not have affected offers prior to March 3, 2003. She was told, however, that exceptions could be made to fill critical positions. On July 14, 2003, subsequent to meeting with the EEO counselor, Middlebrooks contacted the NIH Clinical Center's Human Resources Department to inquire about the positions and was told that one of the positions had been filled by another applicant.

On July 15, 2003, Middlebrooks filed a discrimination complaint through NIH's Office of Equal Opportunity and Diversity Management, alleging racial discrimination as the reason for her non-selection as a Medical Surgical Intern and Pediatric Nurse. After the complaint was filed the EEO investigator contacted the Clinical Center to investigate the status of Middlebrooks' applications.

On September 3, 2003, the Human Resources Department at NIH notified Middlebrooks that it received her application for the Pediatric Nurse Position and would get back to her with its decision. On September, 4, 2003, six months after she submitted her initial application, the Human Resources Department notified Middlebrooks that the Pediatric Nurse Position had been cancelled. Middlebrooks alleges *inter alia* that that position was cancelled in direct retaliation for her EEO participation.

On August, 27, 2004 Middlebrooks brought the present action. Her refusal to participate in the proceedings since the case was remanded by the Fourth Circuit has been detailed above.

**II.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d. 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J. D. Associates Ltd. P'Ship*, 213 F.3d. 175, 180 (4th Cir. 2000).

**III.**

The Court finds that Middlebrooks, despite adequate warning of foreseeable consequences, has frustrated the legitimate discovery process in this case. Her continuous failure to attend deposition sessions, coupled with her continuous failure to respond to document requests and interrogatories, combine to warrant dismissal.

Federal Rule of Civil Procedure 37(d) authorizes the Court to sanction parties who fail to comply with the discovery process. This includes the possibility of dismissal of that party's case. *See* Rule 37(b)(2)(A)(i)-(vii). Courts enjoy wide discretion to sanction parties who do not comply with the judicial process and its inherent discovery procedures. *See e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) ("A primary aspect of [the court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). The Fourth Circuit has developed a four-part inquiry to determine appropriate sanctions in such cases: (1) whether the noncomplying party has acted in bad faith; (2) the amount of prejudice the party's noncompliance has caused her adversary; (3) the need to deter the particular type of

noncompliance; and (4) the effectiveness of less drastic sanctions. *Mutual Fed.*, 872 F.2d. at 92 (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d. 494, 503-06 (4th Cir. 1997)).

The first factor, the extent to which the non-complying party has acted in bad faith, can be fairly inferred in this case. Middlebrooks has blatantly ignored Court Orders and has provided no excuse or justification whatsoever.

As to the second factor, there is clearly prejudice. The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available. The issue in this case is how to characterize Middlebrook's application, i.e., was it submitted to PHSCC or NIH? The Government has evidently been unable to file a dispositive motion because it has not been able to depose Middlebrooks on the matter. By failing to attend deposition sessions on a number of occasions Middlebrooks has undeniably caused the Government prejudice.

The third factor concerns the need to deter this particular type of noncompliance. Violating court orders to appear for deposition, failing to provide written discovery responses, and failing to serve initial disclosures without even attempting to offer justification or excuse go to the heart of the court process and totally inhibits a just resolution of disputes. Emphatically, this type of behavior needs to be deterred.

The fourth and final consideration is the effectiveness of less dramatic sanctions. Here, to absolutely no avail, they have all been tried. Middlebrooks, for some inexplicable reason, has thumbed her nose at all efforts to permit this case to proceed. Dismissal of her suit is the only reasonable sanction.

## IV.

The Government also requests $224.50 for the court reporter's services on May 7, 2009, the day of a scheduled deposition at which Middlebrooks failed to appear. Federal Rule of Civil Procedure 37(b) gives the Court discretion to assess reasonable expenses caused by a party's failure to appear at a duly noticed deposition. *See* Rule 37(b)(2)(C). Again, because Middlebrooks failed to appear without explanation, the Court deems it appropriate for the Government to recover $224.50 for its out-of-pocket deposition expense.

## V.

For the foregoing reasons, the Court **GRANTS** the Government's Motion to Dismiss, with costs in the amount of $224.50.

A separate Order will issue.

                                                /s/
                                      **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

August 13, 2009